# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-485-RJC-DCK

| | |
|---|---|
| JOANN MCCULLOUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| INTEGRITY AUTOMOTIVE PROMOTIONS, ) | |
| LLC, GROW FINANCIAL FEDERAL CREDIT ) | |
| UNION, and GRASSROOTS ASSOCIATES, ) | |
| INC., d/b/a Kia Of Gastonia, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Grow Financial Federal Credit Union's Motion To Dismiss" (Document No. 13) filed October 16, 2019; "Defendant Integrity Automotive Promotions, LLC's Motion To Dismiss Complaint" (Document No. 15) filed October 24, 2019; and "Defendant Grassroots Associates, Inc. d/b/a KIA Of Gastonia's Motion To Dismiss And To Compel Arbitration" (Document No. 17) filed October 25, 2019. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the motions as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

## DISCUSSION

On October 30, 2019, the undersigned allowed Plaintiff an extension of time to file responses to the pending motions to dismiss <u>or</u> file an Amended Complaint by November 8, 2019. (Document No. 21). Plaintiff's responses were filed on the revised deadline, but the Amended Complaint was filed late. (Document Nos. 22-25, 27).

Nevertheless, the undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the interests of justice that favor allowing the "Amended Complaint;" therefore, the Court will accept the "Amended Complaint" as timely filed and superseding the original Complaint. In addition, the undersigned will direct that "Defendant Grow Financial Federal Credit Union's Motion To Dismiss" (Document No. 13); "Defendant Integrity Automotive Promotions, LLC's Motion To Dismiss Complaint" (Document No. 15); and "Defendant Grassroots Associates, Inc. d/b/a KIA Of Gastonia's Motion To Dismiss And To Compel Arbitration" (Document No. 17) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); <u>see also</u>, <u>Fawzy v. Wauquiez Boats SNC</u>, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); <u>Colin v. Marconi Commerce Systems Employees'</u>


Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendants contend the "Amended Complaint" is deficient, this Order is without prejudice to Defendants filing renewed motion(s) to dismiss the Amended Complaint, as appropriate.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant Grow Financial Federal Credit Union's Motion To Dismiss" (Document No. 13) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that **"**Defendant Integrity Automotive Promotions, LLC's Motion To Dismiss Complaint**"** (Document No. 15) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Defendant Grassroots Associates, Inc. d/b/a KIA Of Gastonia's Motion To Dismiss And To Compel Arbitration" (Document No. 17) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: November 12, 2019

David C. Keesler
United States Magistrate Judge