IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-485-RJC-DCK

| | |
|---|---|
| JOANN McCULLOUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| INTEGRITY AUTOMOTIVE | ) |
| PROMOTIONS, LLC, GROW | ) |
| FINANCIAL FEDERAL CREDIT UNION, | ) |
| and GRASSROOTS ASSOCIATES, INC., | ) |
| d/b/a Kia of Gastonia, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Integrity Automotive Promotions, LLC's Motion To Dismiss Amended Complaint" (Document No. 36); "Defendant Grow Financial Federal Credit Union's Motion To Dismiss The Amended Complaint" (Document No. 38); "Defendant Grassroots Associates, Inc. d/b/a Kia Of Gastonia's Amended Motion To Dismiss Amended Complaint And To Compel Arbitration" (Document No. 40); and "Plaintiff's Motion To Remand" (Document No. 45). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and are now ripe for disposition. Having carefully considered the arguments and the record, the undersigned will respectfully recommend that the motions be <u>granted</u> in part and <u>denied</u> in part.

**I. BACKGROUND**

Plaintiff JoAnn McCullough ("Plaintiff") initiated this action with the filing of a "Complaint" (Document No. 1-2) in the Superior Court of Gaston County, North Carolina, on September 6, 2019. A "Notice Of Removal" (Document No. 1) was filed with this Court on

September 26, 2019. The "Notice…" asserts that this Court has federal question jurisdiction based on a claim arising under the Truth in Lending Act, 15 U.S.C. 1601, *et seq*. and Regulation Z, 12 C.F.R. 1026. (Document No. 1, p. 2).

The original Complaint includes claims against Grassroots Associates, Inc. ("Kia"), Integrity Automotive Promotions, LLC ("Integrity"), and Grow Financial Federal Credit Union ("Grow Financial") (together, "Defendants") for: (1) fraud; (2) unfair trade practices; (3) truth in lending violations; (4) civil conspiracy and (5) punitive damages. (Document No. 1-2, pp. 6-8). In October 2019, Defendants each filed motions to dismiss. (Document Nos. 13, 15, and 17).

Plaintiff then filed an "Amended Complaint" (Document No. 27) on November 12, 2019. The crux of Plaintiff's lawsuit is that the acts and omissions of Defendants induced her to purchase a vehicle from Kia of Gastonia on or about December 13, 2017, for which she cannot afford the payments. (Document No. 27, pp. 1-8). Plaintiff contends she approached Kia "in response to an advertisement promoting a $2000 discount." (Document No. 27, p. 4). Plaintiff expressed interest in a trade in of her current automobile and a deal that would leave her with a maximum monthly payment of $150. Id. Allegedly, Plaintiff was told by employees of Integrity and/or Kia that after initial payments of $348 per month for six (6) months, her payments would be reduced and refinanced to $150 per month. (Document No. 27, pp. 4-5). The transaction was finalized in "a Kia finance person's office" and a "Retail Installment Sale Contract" was executed. (Document No. 27, p. 5).

Plaintiff drove home a "2017 Sportage." Id. Plaintiff notes she received a check for $1700, as promised, a few days after the transaction. Id. After five (5) months, Plaintiff called Kia back, presumably to inquire about the promised reduction in monthly payments, but was told by the

2

dealership manager "that Plaintiff had signed the contract and had no recourse." (Document No. 27, pp. 5-6).

The Amended Complaint asserts the same claims as the original Complaint, except the truth in lending claim that was the basis for removal to this Court has been withdrawn. (Document No. 27). Although the original Complaint and the Amended Complaint both mention a contract between Plaintiff and Defendant Kia, neither Complaint attaches that agreement or acknowledges its arbitration clause – even after Defendant Kia raised this issue in its original "…Motion To Dismiss And To Compel Arbitration." (Document No. 17); see also (Document Nos. 18-1 and Document No. 41-1).

Based on Plaintiff's amended pleading, the undersigned issued an "Order" (Document No. 28) on November 13, 2019, directing that Defendants' motions to dismiss (Document Nos. 13, 15, and 17) be denied as moot.

Now pending before the Court are Defendants' renewed motions: "Defendant Integrity Automotive Promotions, LLC's Motion To Dismiss Amended Complaint" (Document No. 36) filed on December 10, 2019; "Defendant Grow Financial Federal Credit Union's Motion To Dismiss The Amended Complaint" (Document No. 38) filed December 10, 2019; and "Defendant Grassroots Associates, Inc. d/b/a Kia Of Gastonia's Amended Motion To Dismiss Amended Complaint And To Compel Arbitration" (Document No. 40) filed December 16, 2019. Also pending is "Plaintiff's Motion To Remand" (Document No. 45) filed January 2, 2020. Each of the Defendants seek dismissal pursuant to Fed.R.Civ.P. 12(b)(6), and Kia also again argues that this matter should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) and arbitration compelled. (Document Nos. 36, 38, 40).

The pending motions have been fully briefed and are ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

> The Federal Arbitration Act ("FAA") represents "a liberal federal policy favoring arbitration agreements" and applies "to any arbitration agreement within the coverage of the [FAA]." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under Section 2 of the FAA, a written provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2012). Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).
>
> In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate: (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) a relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute. *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016); *see also Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 563 (4th Cir. 2015). Agreements to arbitrate are construed according to ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 710 (4th Cir. 2011). Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 81 (2000).

Danford v. Lowe's Companies, Inc., No. 5:19-CV-041-KDB-DBK, 2020 WL 3893630, at *2 (W.D.N.C. July 10, 2020)

## III.  DISCUSSION

This case has been pending for nearly a year and made very little progress.  Regrettably, it seems that it might have been resolved, or at least removed, many months ago.  In short, it appears that the key parties, Plaintiff and Defendant Kia, agree that this dispute is subject to "a valid and binding arbitration agreement arising from the purchase of the vehicle."  (Document No. 41, pp. 1-3) (citing Document No. 41-1).

Defendant Kia seeks to have the Amended Complaint dismissed and the case sent to arbitration;  and "Plaintiff agrees" the case should be referred to arbitration but prefers that this action be stayed or remanded.  Id. and (Document No. 48, p. 1);  see also (Document Nos. 46, p. 2) ("contract documents contain an apparently enforceable arbitration provision") and (Document No. 50, p. 1) ("Plaintiff requests that the requests for dismissal be denied, and in the alternative that the action be remanded and/or referred to arbitration").

Defendant Grow Financial argues that Plaintiff has waived any right to arbitrate.  (Document No. 51, pp. 3-4).  Defendant Integrity has not addressed the argument for arbitration.  Moreover, Integrity has failed to file a Notice of Appearance of new counsel, or make any other filing, since December 2019.  See (Document Nos. 43 and 44).

Based on the parties' representations and the "Customer's Purchase Order" (Document No. 41-1, pp. 3-4), the undersigned finds that the parties should proceed to arbitration without further delay.  The contract's arbitration clause describes the obligation to arbitrate as including

> The Dealer and each person named in this Purchase Order . . . as well as . . . Dealer's employees, officers, directors, shareholders, agents, **affiliate companies and other affiliated entities or persons** . . . [and] **arising from or relating to any matter**, including but not limited to, the sale and/or **financing of the purchase of the vehicle** . . . or any oral or written statements related to this Agreement or Customer's business or interactions with any

5

> Covered Person (**including relationships and dealings with third parties who are not signatories to this Agreement**)….
>
> … Dealer or Customer may demand by unilateral or joint election of Dealer or Customer to have all claims in that lawsuit between Customer and such third party, Dealer or Covered Person resolved by **BINDNG ARBITRATION**.
>
> … Any dispute regarding whether a particular controversy is subject to arbitration, shall be decided by the arbitrator(s).

(Document No. 41-1, p. 4) (emphasis added).

The undersigned is persuaded that resolution of the claims set forth in the Amended Complaint is properly addressed in an arbitration conducted pursuant to the Federal Arbitration Ac ("FAA"), 9 U.S.C. §§ 1-16, as agreed by Plaintiff and Defendant Kia.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Integrity Automotive Promotions, LLC's Motion To Dismiss Amended Complaint" (Document No. 36) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that "Defendant Grow Financial Federal Credit Union's Motion To Dismiss The Amended Complaint" (Document No. 38) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that "Defendant Grassroots Associates, Inc. d/b/a Kia Of Gastonia's Amended Motion To Dismiss Amended Complaint And To Compel Arbitration" (Document No. 40) be **GRANTED in part and that the parties be COMPELLED to pursue arbitration** as discussed herein.

**IT IS FURTHER RECOMMENDED** that "Plaintiff's Motion To Remand" (Document No. 45) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that this matter be **STAYED** pending arbitration, and that the parties be required to file a joint Status Report in ninety (90) days, and every ninety (90) days thereafter, until otherwise ordered by the Court.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: August 26, 2020

David C. Keesler
United States Magistrate Judge